## ROTHSCHILD v. FLANDERS.

TRIAL—MOTION FOR DIRECTED VERDICT DOES NOT PRECLUDE DEFENSE ON MERITS.

Where defendant moved for directed verdict at close of plaintiffs' proofs, and plaintiffs followed with motion for directed verdict in their favor, defendant, on denial of his motion, was not thereby precluded from introducing testimony and making defense on merits (3 Comp. Laws 1929, §§ 14307, 14308).

Error to Calhoun; Hatch (Blaine W.), J. Submitted June 3, 1931. (Docket No. 49, Calendar No. 35,396.) Decided June 25, 1931.

Assumpsit by Harold L. Rothschild and another, doing business as Roth-Downs Manufacturing Company, against Lloyd Flanders for sums due on an open account. Directed verdict and judgment for plaintiffs. Defendant brings error. Reversed, and new trial granted.

*Cyrus J. Goodrich,* for plaintiffs.

*George A. Winkler,* for defendant.

CLARK, J.   This is a suit in assumpsit for a small demand which plaintiffs assert is due on an open account.   At the close of plaintiffs' proof, defendant moved for directed verdict on the ground that there was no proof of damages.   Plaintiffs followed with a motion for directed verdict in their favor on the ground that they had proved their case.   It was asserted that, as both parties had requested directed verdict, defendant might adduce no evidence in its behalf.   The court ruled:

"You have foreclosed.yourself in this way; if one party to a suit makes a motion and the other party joins in the motion for a directed verdict they submit the question to the court as a question of fact as to whether or not a case has been made out."

Plaintiffs had verdict and judgment.   Defendant has appealed.

Had the motions followed the conclusion of all the proof, the court's rule would have been correct. But the ruling here is not sustained under 3 Comp. Laws 1929, §§ 14307, 14308:

"14307.   Motion for directed verdict; demurrer to evidence.   Sec. 56.   Upon the trial of any case in any of the circuit courts in this State the defendant, upon the conclusion of the plaintiff's testimony, may request the court to direct the jury to bring in a verdict for the defendant, or make demurrer to the evidence, without resting his case absolutely.

"14308.   Same; exception for defendant on refusal to grant.   Sec. 57.   Upon the refusal of the court to grant such motion, the defendant shall have the benefit of an exception, as in ordinary cases, and

without waiving such exception may then introduce testimony and make his defense upon the merits.''

Reversed. New trial granted. Costs to defendant.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.